UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 09 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Charles E. Jones, Jr., )
)
Plaintiff, )
)
v. ) Civil Action No. 11-1727 (UNA)
)
Isaac Fulwood *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is an inmate at the District of Columbia's Central Detention Facility. He sues the Chairman of the United States Parole Commission and other individuals for allegedly violating parole guideline 28 C.F.R. § 2.72(f), which states that: "Because parole decisions must be reached through a record-based hearing and voting process, no contacts shall be permitted between any person attempting to influence the Commission's decision-making process . . . except as expressly provided in this subpart." *Id.*

Plaintiff attaches to the complaint a legal Memorandum from the Commission's General Counsel to the Parole Commissioner in which it is stated that the assistant United States attorney who had prosecuted plaintiff for a murder/voluntary manslaughter charge of which he was acquitted had contacted the Commission and requested that it reconsider the hearing examiner's

no probable cause finding on the acquitted charge. *See* Compl. Attach., ECF Dkt. # 1-2 ("Mem.") at 1. In addition, plaintiff states that "the decedent's sister also inquired." Compl. at 5; *see* Mem. at 1 (indicating that the victim's sister had "asked to be notified of any further developments regarding the Commission's consideration of the murder charge."). Plaintiff seeks "immediate termination of parole" and $950,000 in damages. Compl. at 5.

Plaintiff has brought this action under 42 U.S.C. § 1983, which provides a cause of action against individuals who violate one's rights while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . or the District of Columbia." It is established that District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations creates a liberty interest in parole); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). However, D.C. prisoners do have a liberty interest in their conditional freedom once on parole and therefore are entitled to minimal due process prior to revocation, *see Ellis v. District of Columbia*, 84 F.3d 1413,1420 (D.C. Cir.1996) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)), which entails notice and an opportunity to be heard in a reasonably timely manner. *See id*. at 1421-24 (discussing *Morrissey* standards).

Because parole is a privilege, not a right, the Court lacks jurisdiction to "terminate" plaintiff's parole as he seeks. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) ("The appropriate remedy for [a constitutionally deficient revocation hearing] is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus

to compel release on parole or to extinguish the remainder of the sentence."). In addition, plaintiff cannot recover the monetary damages he seeks without first invalidating the basis of his detention via a writ of habeas corpus or some other official act. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff's claim under the regulation fails because the alleged improper contact was not made during the course of a hearing governed by § 2.72, and there is no indication from the complaint that the Commission relied on the alleged improper contact or the acquitted charge to revoke plaintiff's parole.[1] Besides, § 2.72(d) specifically permits the submission of pertinent information by "[a]ttorneys, family members, relatives, friends of the prisoner, or other interested persons" to the Commission "at any time" and within "at least 30 days prior to a scheduled hearing to be considered at that hearing." *Id.* To the extent that the regulation has any application, then, plaintiff has not shown, and the Court does not discern, how it was violated. Therefore, the Court, finding no claim stated, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November ___, 2011

---

[1] According to the Memorandum, the hearing examiner "found probable cause for [an unrelated assault charge]" of which plaintiff was convicted to support the decision to revoke plaintiff's parole. Mem. at 1.

3